**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Lindsey Orr

    v.                                            Case No. 14-cv-452-PB

Esker Tatum, Warden, Federal
Correctional Institution,
Berlin, New Hampshire


## REPORT AND RECOMMENDATION


    Lindsey Orr is incarcerated in the Federal Correctional
Institution in Berlin, New Hampshire, serving sentences imposed
by the U.S. District Court for the Northern District of Georgia.
Appearing pro se, he petitions for a writ of habeas corpus,
pursuant to 28 U.S.C. §§ 2241 & 2255(e).  Before me for a report
and recommendation are respondent's motion to dismiss and
petitioner's motion for summary judgment.  Neither motion has
been opposed.  For the reasons that follow, I recommend that
respondent's motion to dismiss be granted and petitioner's
motion for summary judgment be denied.


## Background

    In January of 2007, Orr and Kendrick Minton were indicted
on two counts of armed bank robbery (Counts I & III) and two

counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts II & IV). Those charges arose from two bank robberies.

At Orr's trial, the jury heard testimony from Minton. In addition to hearing that testimony, the jury was given an instruction on aiding and abetting in connection with one or both of the § 924(c) counts. Orr was convicted on all four counts. For his convictions on Counts I and III, he was sentenced to serve concurrent terms of 57 months each. For his conviction on Count II, he was sentenced to 84 months of incarceration, to be served consecutively to his sentences for Counts I and III. For his conviction on Count IV, he was sentenced to 300 months of incarceration, to be served consecutively to his sentences for Counts I, II, and III.

Orr's co-defendant, Minton, reached a plea agreement with the government. At Minton's sentencing, Judge Forrester, who also presided over Orr's trial, observed: "I tried [Orr's] case, and I saw the testimony taken by counsel, I saw [that Minton] was thoroughly impeached as to the truthfulness of that testimony." Compl. (doc. no. 1) 24-25 of 33. Later, Judge Forrester had this to say:

> And I am particularly concerned about the fact
> that you would lie under oath to a court, to a jury,

> and I don't think that that guideline sentence
> adequately takes that fact into account.  What it
> means, among other things, is that I am striking all
> of your testimony [at Orr's trial] in considering what
> sentence to give Mr. Orr.

Id. at 31 of 33.

Orr appealed his convictions, which were affirmed.  See United States v. Orr, 322 F. App'x 741 (11th Cir. 2009) (per curiam).  He also filed a petition under 28 U.S.C. § 2255, which was unsuccessful.  See United States v. Orr, No. 1:07-cr-00017-JOF-JFK-2 (N.D. Ga. Aug. 16, 2011).

In his § 2241 petition in this court, Orr challenges his conviction on Count II on two grounds: (1) the trial court's issuance of a jury instruction on aiding and abetting that did not comport with the U.S. Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014);[1] and (2) his actual and factual innocence, as established by the jury's reliance upon the testimony from co-defendant Minton that Judge Forrester disparaged at Minton's sentencing hearing.  Orr also argues that based upon the legislative history of 18 U.S.C. § 924(c), he is actually innocent of the crime charged in Count IV.

---

[1] The Supreme Court issued its decision in Rosemond after Orr was convicted.  His claim is that because Rosemond was issued after he was convicted, and changed the substantive law under which he was convicted, he is entitled, under § 2255(e), to bring a petition under § 2241.

3

**Discussion**

In his motion to dismiss, respondent argues that this court lacks subject-matter jurisdiction over Orr's petition.  He focusses on the so-called savings clause in 28 U.S.C. § 2255(e), and its inapplicability to Orr's first claim, i.e., that that the jury instructions in his case were insufficient in light of Rosemond.  Respondent does not, however, address either of Orr's other two claims.  In his motion for summary judgment, Orr expressly concedes the first of his three claims.[2]  But, he goes on to argue that because respondent does not dispute either of his two other claims, he is entitled to summary judgment on them.  The court does not agree.

As a preliminary matter, Orr is correct to concede his first claim.  Had he not done so, I would have recommended its dismissal for the same reasons that supported dismissal of a virtually identical claim in Prieto v. FCI Berlin, No. 14-cv-00514-JL, 2015 WL 6690132 (D.N.H. Nov. 2, 2015).

Orr is also correct in his observation that respondent's

---

[2] Specifically, he says: "the petitioner will concede to the government's argument in reference to the petitioner's Rosemond issue and the court not having jurisdiction pertaining [to] Rosemond."  Pet'r's Mot. Summ. J. (doc. no. 12) 1.

4

motion to dismiss does not address either of his remaining grounds for relief.  Indeed, respondent says nothing about Orr's claims that he is entitled to relief based upon: (1) Judge Forrester's decision to strike Minton's trial testimony while considering Orr's sentence; and (2) the legislative history of § 924(c) that he describes in his supplemental pleading, document no. 6.  While neither claim appears to have merit, I am not inclined to recommend their dismissal in the absence of a request for such relief from respondent.  At the same time, petitioner is incorrect in his argument that he is entitled to summary judgment on those claims simply because respondent has not (yet) moved to dismiss them.  As that is the sole basis for petitioner's motion for summary judgment, I recommend that it be denied.

## Conclusion

For the reasons detailed above, I recommend that: (1) respondent's motion to dismiss, document no. 11, be granted to the extent that petitioner's first claim is dismissed; and (2) petitioner's motion for summary judgment, document no. 12, be denied.

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice.  <u>See</u> Fed. R.

Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

Andrea K. Johnstone
United States Magistrate Judge

November 19, 2015

cc:  Lindsey Orr, pro se
     Seth Aframe, Esq.