**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Lindsey Orr</u>

    v.                                         Case No. 14-cv-452-PB

<u>Esker Tatum, Warden, Federal
Correctional Institution,
Berlin, NH</u>


**<u>REPORT AND RECOMMENDATION</u>**

    Lindsey Orr is currently incarcerated in the Federal Correctional Institution in Berlin, New Hampshire, serving sentences imposed by the U.S. District Court for the Northern District of Georgia.  He petitions this court for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 & 2255(e).  Before this magistrate judge for a report and recommendation is respondent's motion to dismiss.  Orr objects.  For the reasons that follow, respondent's motion to dismiss should be granted.


**<u>Background</u>**

    In January of 2007, Orr was indicted on two counts of armed bank robbery (Counts I & III) and two counts of using a firearm during and in relation to a crime of violence (Counts II & IV).  After a jury trial, Orr was convicted on all four counts.  For

his conviction on Count IV, he was sentenced to 300 months of incarceration. That sentence resulted from the application of 18 U.S.C. § 924(c)(1)(C)(i), which provides that "[i]n the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 15 years."

Orr appealed his convictions, which were affirmed. See United States v. Orr, 322 F. App'x 741 (11th Cir. 2009) (per curiam). He also filed a petition under 28 U.S.C. § 2255, which was unsuccessful. See United States v. Orr, No. 1:07-cr-00017-JOF-JFK-2 (N.D. Ga. Aug. 16, 2011).

Orr's remaining claim for relief is that the legislative history of 18 U.S.C. § 924(c) establishes that he is actually innocent of the crime charged in Count IV because Congress intended, when enacting § 924(c), that the statute would apply to recidivists, but not to those whose first and second convictions resulted from the same trial.[1]

## Discussion

In his motion to dismiss, respondent argues that this court

---

[1] Orr's petition asserted two other claims. Judge Barbadoro has dismissed one of them, see Order, Doc. No. 18, and Orr has given up the other one, see Addendum to Obj., Doc. No. 17 at 1.

lacks subject matter jurisdiction to entertain Orr's petition. Respondent is correct.

Ordinarily, the court of conviction has exclusive jurisdiction over a federal criminal defendant's post-conviction challenges to the validity of his conviction or sentence. See 28 U.S.C. § 2255.  However, under that statute's so-called "savings clause," the court in an inmate's district of incarceration has jurisdiction to consider such a challenge, pursuant to 28 U.S.C. § 2241, if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  In the First Circuit, "the savings clause is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct."  Prieto v. FCI Berlin, No. 14-cv-00514-JL, 2015 WL 6690132, at *2 (D.N.H. Nov. 2, 2015) (citing Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000).

Moreover, "[t]he First Circuit has also noted that '[m]ost courts have required a credible allegation of actual innocence,' before a petitioner can access the savings clause."  Prieto,

3

2015 WL 6690132, at *2 (quoting Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008); citing United States v. Almenas, 52 F. Supp. 3d 341, 345 (D. Mass. 2014)).  In Prieto, the court described the actual-innocence standard this way:

> Actual innocence means "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted).

2015 WL 6690132, at *3 (emphasis added).

Respondent argues that Orr is not entitled to the benefit of the § 2255 savings clause because his "legislative history argument is an argument that [has] been available to him throughout and therefore should have been raised in his initial § 2255 motion."  Resp't's Mot. to Dismiss (Doc. No. 14) 3.  Orr disagrees, arguing that respondent's

> assertion is pure speculation by the government without insight or hindsight on when the petitioner ORR obtained the information that he was able to utilize for his Congressional Intent claim; between the petitioner and the respondent only one of us knows when the information was obtained to be use[d] as a claim and it's not the respondent . . .

Pet'r's Obj. (Doc. No. 16) 5.

The problem with petitioner's argument is that the information he uses to support his congressional-intent claim is

4

not new evidence. Rather, that information is the product of his post-trial legal research. The three documents he attached to the pleading that introduced his congressional-intent claim may have been unknown to him when he filed his § 2255 petition,[2] but those documents are simply not evidence that would have been presented to the jury at petitioner's trial, much less evidence that would have made it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Prieto, 2015 WL 6690132, at *3. Accordingly, the documents on which petitioner relies are not new evidence of the sort that would support a claim of actual innocence. Absent a creditable allegation of actual innocence, petitioner is not entitled to the benefit of the § 2255 savings clause.

Petitioner's attempt to invoke the savings clause also suffers from an antecedent infirmity: he is not "asserting [a] statutory claim[ ] based on new binding precedent, previously

---

[2] Those documents include: (1) an undated letter from a former member of Congress who served on the House Judiciary Committee, between 1967 and 1983, when that committee considered the legislation that led to the enactment of 18 U.S.C. § 924(c), see Addendum to Pet., Attach. 1 (Doc. No. 6-1); (2) a bill introduced in the U.S. House of Representatives in June of 2009, seeking to amend § 924(c), see id., Attach. 2 (Doc. No. 6-2); and (3) a communication from March of 2015 describing a house bill seeking to amend § 924(c), see id., Attach. 3 (Doc. No. 6-3).

unavailable to [him], that narrows the scope of [18 U.S.C. §924(c)] in a manner that would have rendered [him] not guilty of criminal conduct." Prieto, 2015 WL 6690132, at *2. Petitioner is not arguing that any binding precedent issued after his conviction has narrowed the scope of § 924(c). Rather, he is arguing that when it was enacted, § 924(c) was intended to have a scope sufficiently narrow to preclude its application to the circumstances that gave rise to his 300-month sentence. That argument was available to petitioner when he filed his § 2255 petition. For that reason as well, petitioner is not entitled to the benefit of the § 2255 savings clause.

## Conclusion

For the reasons detailed above, respondent's motion to dismiss (Doc. No. 14) should be granted. Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's

report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 8, 2016

cc: Lindsey Orr, pro se
    Seth R. Aframe, Esq.